## VAUGHAN, ET AL. v. SEED.

1. The act of 1843 which directs appeal and certiorari cases, then pending in the
Circuit Court of Mobile county, to be returned to the County Court, does not call
upon the Court to repudiate an appeal cause of its own mere motion ; and when
a case depending in that Court, at the passage of the act, is determined there
without objection, the judgment will not be reversed.

Writ of error to the Circuit Court of Mobile County.

Suit was commenced by Seed against Vaughan in a justice's
Court, when the plaintiff had judgment, and the defendant
appealed to the Circuit Court. There the cause was tried upon
allegation and issue, and a verdict rendered in favor of Seed,
against Vaughan, on which judgment was given against him,
and also against Magee, as his surety for the appeal bond.

The suit was commenced in September, 1842, and the ap-
peal taken the 8th of October of the same year.

It is now assigned as error, that the Circuit Court had no
jurisdiction of the appeal.

CAMPBELL, for the plaintiffs in error, cited, act of 1842, P.

P. 148; 7 Monroe, 222; 3 Ala. Rep. 707; 5 Am. Dig. 167; 5 H. & J. 36; 1 J. J. M. 476.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—The third section of a statute approved the 14th of February, 1843, directs, " that all appeals from justices of the peace, and all cases pending on *certioraris* in the Circuit and County Courts of Mobile county, and all cases of appeal or *certiorari* to justices of the peace, that might thereafter arise in said county, shall be returned into the County Court of said county, and shall be heard and determined at the special terms of the said County Court, which are holden for the decision of cases in admiralty." The plaintiffs in this Court contend, that the effect of this act is, to deprive the Circuit Court of all jurisdiction over cases, such as are named, and consequently, that any judgment rendered by the Circuit Court, in such a suit as this, must be held erroneous, independent of all other circumstances.

We have no doubt that the section we have quoted from the statute, was intended to relieve the Circuit Court from the adjudication of the classes of suits named in the act, as well as to prevent the accumulation of costs to suitors, generally in indigent circumstances: but there is nothing in its terms to require the reversal of a judgment, when the cause in the first instance was properly appealed and returned to that Court; and when, in addition to this, both parties, as well as the Court, have acquiesced in retaining and trying the cause in that Court. It appears that this appeal was taken in October, 1842, and was determined upon a verdict in December, 1843. So that it was regularly in the Circuit Court when the act referred to was passed. We do not think it was incumbent on the Court of its own mere motion to repudiate the cause, and neither party having demanded its transfer to the County Court, there seems to be no just cause to reverse the judgment.

Judgment affirmed.